UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSA B. WILLIAMS                                    CIVIL ACTION

VERSUS                                             NO. 09-3597

TANGIPAHOA PARISH SCHOOL                           MAGISTRATE JUDGE
SYSTEM                                             JOSEPH C. WILKINSON, JR.


**<u>ORDER AND REASONS ON MOTION</u>**

This is an employment discrimination action filed by plaintiff, Osa B. Williams,

against her former employer, the Tangipahoa Parish School System (the "School

System"). Williams alleges that defendant discriminated against her on the basis of her

race in violation of Title VII (42 U.S.C. § 2000e et seq.), 42 U.S.C. §§ 1981 and 1983;

and on the basis of her disability in violation of the Americans with Disabilities Act. 42

U.S.C. § 12111 et seq. She also asserts state law claims for age discrimination under La.

Rev. Stat. § 23:312, race discrimination under La. Rev. Stat. § 23:332 and unspecified

tort(s) under Louisiana Civil Code article 2315. Record Doc. No. 1, Complaint at p. 1.

She attached to her complaint copies of two letters dated February 11, 2009 from the

United States Department of Justice, Civil Rights Division. Each letter states that,

following her filing of charges of disability and race discrimination with the Equal

Employment Opportunity Commission ("EEOC"), plaintiff has the right to institute a civil action under the Americans with Disabilities Act and Title VII, respectively, within 90 days of her receipt of the letter.   Record Doc. No. 1-1, at pp. 1-2.

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties.  Record Doc. No. 11.

Defendant filed a Motion for Summary Judgment, supported by excerpts from plaintiff's deposition, two affidavits and several documentary exhibits, seeking dismissal of all of plaintiff's claims.  Record Doc. No. 15.  Plaintiff filed a timely opposition memorandum.  Record Doc. No. 18.  The School System received leave to file a reply memorandum.  Record Doc. Nos. 19, 20, 21.

Because both parties included unsworn exhibits with their motion papers, the court gave them time to file supplemental submissions to cure the deficiencies.  Record Doc. No. 22.  Both parties responded timely by filing additional affidavits.  Record Doc. Nos. 23, 24.

Having considered the complaint, the record, the submissions of the parties and the applicable law, IT IS ORDERED that defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART, as follows.

I.    <u>STANDARD OF REVIEW</u>

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case.  <u>Capitol Indem. Corp. v. United States</u>, 452 F.3d 428, 430 (5th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  <u>National Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim.  <u>Id.</u> (citing <u>Celotex</u>, 477 U.S. at 321-23).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other

facts immaterial."  Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).  "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"  National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

II.     FACTUAL BACKGROUND

The competent summary judgment evidence establishes the following undisputed material facts. Williams, an African-American woman, worked for the Tangipahoa Parish School System as a Safe & Drug Free Schools Resource Teacher from 1989 until she retired in 2009. Her immediate supervisor was Dr. Beth Moulds, a Caucasian.

The Safe & Drug Free Schools program fell under the umbrella of Pupil Services. Plaintiff stopped working on May 26, 2007 as a result of a work-related knee injury, which had occurred in June 2006. She had surgery on the injured knee a year later, in June 2007, and did not return to work actively after that, although she was still an employee. She took a disability retirement on January 13, 2009.

Ann Smith, an African-American, worked for the School System as a Coordinator of Pupil Services. In October 2005, Smith retired and her position became vacant. In November 2005, School System Superintendent Louis Joseph, an African-American, asked Williams to take over some of the duties of the vacant Coordinator position. He told Williams that, while she was performing those additional duties, some of her responsibilities as a Safe & Drug Free Schools Resource Teacher would be suspended. During the time that she took over some of the Coordinator duties, Williams continued to work seven hours per day, just as she had when she was a full-time Safe & Drug Free

Schools Resource Teacher.  Joseph did not tell Williams how long she would be needed to help out with the Coordinator position, because he did not know himself.

Plaintiff claims that Joseph promised her both a pay raise for taking on the duties on a "long-term basis" and that she would be permanently placed in the Coordinator position at some point.  Joseph denies that he made any such promises.  He states in his affidavit that only the School Board, not the Superintendent, can hire a person into a position and that, because he did not know how long Williams's assistance would be needed in that job, he could not have told her either that it would be long-term or that she would receive a pay raise.

In April 2006, the School Board advertised the vacancy of Coordinator, Pupil Services, and Williams applied for the job.  A panel of three African-Americans and one Caucasian, all from outside Tangipahoa Parish, interviewed Williams and several other persons, including Lionel Jackson, an African-American employee of the School System. Williams was not ranked among the top three candidates for the vacancy by the panel. The panel recommended hiring Deborah Browning, a Caucasian, but Browning turned down the job offer.  The position remained vacant until May 1, 2007, when Mark Kolwe, a Caucasian who was then Interim Superintendent, administratively transferred Jackson to the position.

On October 2, 2006, Williams asked Joseph to allow her to return full-time to her job as a Safe & Drug Free Schools Resource Teacher.  Joseph granted the request and plaintiff returned to that position effective October 9, 2006.

On February 15, 2007, Williams filed a charge of race, age and disability discrimination with the EEOC, alleging that she had worked as a Coordinator of Pupil Services from November 28, 2005 until October 9, 2006 without a promotion or pay raise.  She asserted in her charge that Joseph had told her that the position would become permanent and that she would receive a salary increase for the additional duties performed on a long-term basis, but that her immediate supervisor, Dr. Moulds, had denied the raise.  She also asserted that two white persons had received promotions and/or pay increases under the same circumstances.

On December 19, 2008, the EEOC mailed to plaintiff a right to sue notice concerning her claim under the Age Discrimination in Employment Act.  Williams did not file a federal age discrimination claim in this court.

On February 11, 2009, the EEOC sent to plaintiff by certified mail, to a post office box in Hammond, Louisiana, a single envelope that contained two right-to-sue letters regarding her charges of race and disability discrimination.  Each letter advised Williams that she had the right to institute a civil action under the Americans with Disabilities Act

7

and Title VII, respectively, within 90 days of her receipt of the notice.  Williams testified

in her deposition that she received the letters, but she did not recall the date of receipt.

In opposition to defendant's argument in its motion for summary judgment that

plaintiff did not file the instant lawsuit within 90 days of her receipt of the notices,

Williams submitted a verified copy of a certified mail envelope from the EEOC

postmarked February 11, 2009 and a verified "Track & Confirm" inquiry response that

she obtained from the Postal Service website for that certified mail number, which states

that the item was delivered on February 19, 2009 in Hammond, Louisiana.  Plaintiff

attests in her affidavit that she received the right-to-sue notices on February 19, 2009.

Record Doc. No. 23.

Williams filed the instant action on May 20, 2009.

III.    ANALYSIS

A.    Plaintiff Timely Filed Her Title VII and ADA Claims

"A plaintiff alleging employment discrimination [under Title VII] must file a civil

action no more than ninety days after she receives statutory notice of her right to sue

from the EEOC.  The ninety-day window is 'strictly construed' and is 'a precondition to

filing suit in district court.'"  Duron v. Albertson's, 560 F.3d 288, 290 (5th Cir. 2009)

(citing 42 U.S.C. § 2000e-5(f)(1); Baldwin County Welcome Ctr. v. Brown, 466 U.S.

147, 149-50 (1984)) (quoting Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th

8

Cir. 2002)).   The Americans with Disabilities Act "incorporates by reference the procedures applicable to actions under Title VII."  <u>Dao v. Auchan Hypermkt.</u>, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 12117(a)).

Based on the lack of any information in Williams's discovery responses about the delivery date of the EEOC's right-to-sue letters and her deposition testimony that she did not know when she received them, the School System argued in its original memorandum in support of summary judgment that plaintiff's Title VII and Americans with Disabilities Act claims were barred because she had not filed this action within the 90-day statutory time period.  The School System correctly contended that, in the absence of a known date of delivery, the Fifth Circuit applies a presumption that a notice was received within three to seven days after mailing.  <u>See</u> <u>Morgan v. Potter</u>, 489 F.3d 195, 196 (5th Cir. 2007) (citing <u>Bowers v. Potter</u>, 113 F. App'x 610, 612-13 (5th Cir. 2004); <u>Martin v. Alamo Cmty. Coll. Dist.</u>, 353 F.3d 409, 411 (5th Cir. 2003); <u>Taylor</u>, 296 F.3d at 379) ("[W]e have repeatedly handled cases like this one without selecting a fixed number of days.  The exact number of days is thus an open question in this Circuit, but we have expressed satisfaction with a range between three and seven [calendar] days.").  Thus, defendant contended that, even giving Williams the benefit of the longest seven-day period, or until February 18, 2009, for presumptive receipt of the letter that was mailed

on February 11, 2009, her complaint in this court was time-barred because it was filed 91 days after February 18, 2009.

In her supplemental response in opposition to defendant's motion, Williams has presented competent, undisputed evidence that she actually received the letters on February 19, 2009.  Record Doc. No. 23.  Thus, no presumption of receipt is necessary. Duron, 560 F.3d at 290.  Plaintiff's filing of the instant action on May 20, 2009, 90 days after actual receipt of the notices, was timely.   Therefore, defendant's motion for summary judgment on the basis of untimeliness is denied as to plaintiff's claims under Title VII and the Americans with Disabilities Act.

      B.    <u>Plaintiff's Section 1983 Claims Are Prescribed</u>

Defendant argues that plaintiff's claims under 42 U.S.C. § 1983 are prescribed. Plaintiff does not respond to this argument.  Defendant's motion for summary judgment on this claim is therefore unopposed, and I find that it has merit.

Because Section 1983 has no statute of limitations, actions under that provision borrow the analogous state law statute of limitations, which in Louisiana is the one-year liberative prescription of La. Civ. Code art. 3492 applicable to tort actions.  <u>Mitchell v. Crescent River Port Pilots Ass'n</u>, 265 F. App'x 363, 367 (5th Cir. 2008) (citing <u>Clifford v. Gibbs</u>, 298 F.3d 328, 332 (5th Cir. 2002)); <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998).  All of plaintiff's claims based on defendant's failure to promote her to

the Coordinator position or to pay her an increased salary accrued no later than October 9, 2006, when she returned to her full-time employment as a Safe & Drug Free Schools Resource Teacher.  Williams did not file this lawsuit until May 20, 2009, more than one year later, and her Section 1983 claims have prescribed.  Because plaintiff has not demonstrated that any genuine issue of material fact is in dispute, defendant is entitled to judgment as a matter of law on these claims.

C.     Plaintiff's State Law Claims Are Prescribed

Williams asserts state law claims under La. Rev. Stat. § 23:312 (age discrimination), La. Rev. Stat. § 23:332 (race discrimination) and La. Civ. Code art. 2315 (the general Louisiana tort law).  As to her race and age discrimination claims, Louisiana law provides that these causes of action

> shall be subject to a prescriptive period of one year.  However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

La. Rev. Stat. § 23:303(D).

The School System argues that the one-year prescriptive period for these claims would have run on October 9, 2007, one year after plaintiff returned full-time to her job as a Safe & Drug Free Schools Resource Teacher.  Defendant acknowledges that the

11

prescriptive period was suspended for an additional six months after that date, or until April 9, 2008, by the continued pendency of plaintiff's EEOC charges of race and age discrimination. The School System contends that plaintiff's state law discrimination claims are nonetheless barred because she did not file suit until May 20, 2009, more than one year after prescription ran on April 9, 2008. Williams does not respond to this argument in her opposition memorandum. Thus, defendant's motion for summary judgment is unopposed as to these claims, and I find that its argument has merit.

Similarly, defendant argues that any claims that plaintiff asserts under Louisiana Civil Code article 2315 are barred by the applicable one-year prescriptive period of Louisiana Civil Code article 3492. This period expired on October 9, 2007, one year after Williams resumed her full-time position. Again, Williams does not oppose this well-founded argument.

Accordingly, no genuine issue of material fact is in dispute and the School System is entitled to summary judgment in its favor on all of plaintiff's state law claims.

D.     Plaintiff Fails to Establish a Genuine Issue of Material Fact Concerning her Race and Disability Discrimination Claims Under Section 1981, Title VII and the Americans with Disabilities Act

The School System argues that Williams cannot make out a prima facie case of race discrimination under Section 1981 or disability discrimination under the Americans with Disabilities Act. Defendant alternatively argues that, if plaintiff can establish a

12

prima facie case of discrimination, it has produced legitimate, nondiscriminatory reasons for its non-selection of Williams for the job of Coordinator and that she cannot rebut those reasons.  In her opposition to defendant's motion, even as supplemented, plaintiff produces no evidence to rebut the legitimate, nondiscriminatory reasons for defendant's decision not to offer the Coordinator position to her.[1]

Section 1981 applies only to claims of race discrimination.  Evans v. City of Houston, 246 F.3d 344, 356 n.9 (5th Cir. 2001).  Although I have denied summary judgment to the School System on its argument that plaintiff's Title VII race discrimination claim is time-barred and defendant did not apparently move for summary judgment on the merits of her Title VII claim, "[t]he summary judgment analysis is the same for claims of race discrimination under Title VII, § 1981, and § 1983."  Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316 (5th Cir. 2004) (citation omitted).  Thus, I note sua sponte that, if Williams is unable to present evidence to create a genuine issue

---

[1]Williams also contends in her opposition memorandum that the School System discriminated against her on the basis of her disability in connection with her retirement in January 2009.  However, she did not file any charge of discrimination with the EEOC concerning that employment action.  The filing of an EEOC charge within 300 days of the discriminatory action is a prerequisite to filing a lawsuit in a federal court in Louisiana under either Title VII or the Americans with Disabilities Act.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Hartz v. Adm'rs of Tulane Educ. Fund, 275 F. App'x 281, 287 (5th Cir. 2008); Dao, 96 F.3d at 788.  Because more than 300 days have passed since Williams retired on January 13, 2009, she could not now file a charge with the EEOC, and her claim of disability discrimination with respect to her retirement is barred.

of triable fact as to her race discrimination claim under Section 1981, her race

discrimination claim under Title VII based on identical facts also fails, as a matter of law.

Plaintiff has the initial burden of proving a prima facie case of race discrimination

by a preponderance of the evidence.  McDonnell Douglas Corp. v. Green, 411 U.S. 792,

802 (1973).  She can satisfy this burden with circumstantial evidence

> "that [s]he (1) is a member of a protected class; (2) was qualified for the
> position; (3) was subject to an adverse employment action; and (4) was
> replaced by someone outside of the protected class, or, in the case of
> disparate treatment, shows that other similarly situated employees were
> treated more favorably."

Jackson v. Dallas County Juvenile Dep't, 288 F. App'x 909, 911 (5th Cir. 2008) (citing

McDonnell Douglas Corp., 411 U.S. at 802) (quoting Bryan v. McKinsey & Co., 375

F.3d 358, 360 (5th Cir. 2004)).

Similarly, under the Americans with Disabilities Act,

> plaintiff must first make a prima facie showing of discrimination, viz. that
> (a) she is disabled, has a record of having a disability, or is regarded as
> disabled, (b) she is qualified for her job, (c) she was subjected to an adverse
> employment action on account of her disability or the perception of her
> disability, and (d) she was replaced by or treated less favorably than
> non-disabled employees.

Equal Employ't Opportunity Comm'n v. Chevron Phillips Chem. Co., 570 F.3d 606, 615

(5th Cir. 2009) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000);

McInnis v. Alamo Cmty. College Dist., 207 F.3d 276, 279 (5th Cir. 2000)).  The

requirement of establishing a prima facie case of discrimination is not onerous.  Baker v. Am, Airlines, Inc., 430 F.3d 750, 754 (5th Cir. 2005).

As to race discrimination, the School System argues that Williams cannot establish a prima facie case because the Coordinator position was ultimately filled by Jackson, an African-American like plaintiff.  This argument overlooks both the established law that replacement by a person outside the protected class is <u>not</u> the only way to establish a prima facie case of disparate treatment and the facts that the job was offered only to Browning, a Caucasian, who turned it down and the position remained vacant for about one year until Jackson was administratively transferred into it.  I find that Williams could establish a prima facie case of race discrimination in these circumstances.

If a prima facie case is present,

> the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. . . .  [S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a mere pretext for discrimination.

Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quotation and citation omitted); accord Baker, 430 F.3d at 754; Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir. 1998).  This standard, originally articulated in the context of hiring decisions under Title VII, also governs a claim under 42 U.S.C. § 1981.  LaPierre v.

Benson Nissan, Inc., 86 F.3d 444, 448 n.2 (5th Cir. 1996); Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992).  The same procedure applies under the Americans with Disabilities Act.  Chevron Phillips Chem. Co., 570 F.3d at 615.

> Thus, for either type of discrimination,
>
> [i]f the employer can articulate a legitimate non-discriminatory reason for the adverse employment action, the McDonnell Douglas burden-shifting framework falls away and the issue becomes discrimination vel non.  In considering the ultimate issue of discrimination, the trier of fact can consider both the evidence presented in the prima facie case and any evidence the plaintiff produces that tends to show that the employer's articulated reason for the adverse employment action was pretextual.

Id. (footnote omitted) (citing Reeves, 530 U.S. at 142).

The School System has satisfied its burden to produce competent summary judgment evidence that it offered the job to Browning, and not to Williams, for legitimate nondiscriminatory reasons.  Specifically, a panel of three African-Americans and one Caucasian interviewed Williams and several other persons.  The panel did not rank Williams as one of the top three candidates for the vacancy and the job was offered to Browning, who was the top-ranked candidate.  "This response qualifies as a legitimate nondiscriminatory employment action, if true and not a pretext."  Baker, 430 F.3d at 754.

"Because [the School System] has articulated a nondiscriminatory reason for its employment action, the next step of the analysis returns the burden to [Williams].  Moreover, this burden is one of persuasion, not merely production of evidence."  Id.

16

While a "plaintiff may meet this burden by producing evidence tending to show that the reason offered by the defendant is pretext for discrimination, [Williams in the instant case] has produced no evidence on the pretext issue.  Because she offered no evidence of either pretext or actual discrimination, [plaintiff's race and disability] discrimination claim[s] cannot survive summary judgment."  Id. (quotation omitted) (emphasis added).

In her opposition memorandum, plaintiff does not address defendant's arguments that she cannot establish her race discrimination claim.  She offers no evidence that might support an inference of race discrimination.  Thus, defendant's motion is deemed to be unopposed as to plaintiff's race discrimination claim and the motion has merit.

As to her disability discrimination claim, Williams argues only that the School System knew that she was disabled as a result of her knee injury and failed to offer her a reasonable accommodation.  However, she has produced no evidence that the panel, which met in April 2006 before she injured her knee in June 2006, considered whether she was disabled, had a record of having a disability or was regarded as disabled, or that the School System did not offer her the promotion on account of her disability or any perception of her disability.  The undisputed facts show that Browning was the top-ranked candidate by the independent panel and that, even after the Coordinator position was offered to and declined by Browning, plaintiff continued to work until May 26, 2007, almost a year after her knee injury.  Moreover, Williams did not stop working as

17

a result of her alleged disability until <u>after</u> May 1, 2007, when Superintendent Kolwe had already transferred Jackson to the vacant position. Therefore, she has offered no evidence tending to show that she was disabled or was perceived as disabled at any relevant time.

Williams offers no material facts in dispute, but only states in her affidavit that she "believes" that she was discriminated against because of her disability. Record Doc. No. 23 at p. 2, ¶ 8. Her mere subjective belief, "supported solely by her own self-serving affidavit," <u>Strong v. Univ. Health Care Sys., L.L.C.</u>, 482 F.3d 802, 807 (5th Cir. 2007), that she did not receive the promotion because of her disability is insufficient to create an inference of defendant's discriminatory intent. <u>Roberson v. Alltel Info. Servs.</u>, 373 F.3d 647, 654 (5th Cir. 2004).

Accordingly, defendant is entitled to judgment in its favor as a matter of law on plaintiff's race and disability discrimination claims under Section 1981, Title VII and the Americans with Disabilities Act.

      E.    <u>No Sanctions Are Awarded at This Time</u>

In its reply memorandum, the School System requests that Williams be sanctioned pursuant to Fed. R. Civ. P. 37(c)(1) for her failure to produce the envelope from the EEOC and the tracking information from the United States Postal Service either in her

Fed. R. Civ. P. 26(a) initial disclosures,[2] in her responses to defendant's written discovery requests or in supplemental discovery responses, which defendant argues plaintiff should have provided pursuant to Fed. R. Civ. P. 26(e)(1)(A) after she was deposed.  Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless</u>.  In addition to or instead of this sanction, the court, <u>on motion and after giving an opportunity to be heard</u>: . . . may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1) (emphasis added).  Defendant argues that plaintiff's failure to produce these materials and information was not substantially justified and that defendant was harmed because it relied on the absence of any such materials in the record when moving for summary judgment.  The School System asks the court to prohibit Williams from using the materials and information about her receipt of the right to sue notices in opposition to its summary judgment motion.

I decline to sanction Williams at this time based only on a request in defendant's reply memorandum, rather than in a properly presented motion for sanctions that would allow plaintiff an adequate opportunity to respond.  Furthermore, even if I were to assume at this time (as I do not) that Williams violated her discovery obligations without

---

[2]Defendant states that plaintiff made no initial disclosures.  Record Doc. No. 21 at p. 2 n.2.

substantial justification, I find that the sanction of precluding her use of the evidence to oppose the instant summary judgment motion is too harsh.  She has not violated any court order.  Her Answers to Interrogatories (Defendant's Exh. 7) were not verified as required by Fed. R. Civ. P. 33(b)(1)(A) and (b)(3), so defendant was not justified in relying on the unsworn answers.  Although Williams testified under oath that she did not remember when she received the letters, the newly produced materials do not necessarily contradict her testimony.  Williams's obligation in this circumstance was to supplement her discovery responses in a timely fashion.  Fed. R. Civ. P. 26(e).  In light of the previous extension of the trial date, Record Doc. No. 17, and her responses to the motion for summary judgment, she has done so sufficiently.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED and that plaintiff's claims are DISMISSED WITH

PREJUDICE, plaintiff to bear all costs of this proceeding.  Judgment will be entered

accordingly.

New Orleans, Louisiana, this _____27th_____ day of October, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

21